UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET RIFFLE,
on behalf of herself,
and all others similarly situated,

        Plaintiff,

   v.

CONVERGENT OUTSOURCING, INC.,
   a Washington corporation,

and

LVNV FUNDING LLC,
   a Delaware limited liability company,
        Defendants.

_____/

CASE NO. 6:14cv-1181-Orl-22 TBS

## CLASS ACTION COMPLAINT
## AND JURY TRIAL DEMANDED

1.    Plaintiff Janet Riffle, on behalf of herself and all others similarly situated, allege that Defendants Convergent Outsourcing Inc. and LVNV Funding LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), by sending collection letters in the form of <u>Exhibit A</u> dunning consumers on timebarred debts without disclosure of that fact in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

1

## I.  JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d).  Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## II.  PARTIES

3.      Plaintiff Janet Riffle (hereinafter "Ms. Riffle") is a natural person who, at all times relevant, resided in Maitland in Orange County,  Florida.

4.      Ms. Riffle is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.      Defendant Convergent Outsourcing, Inc. (hereinafter "Convergent") is a corporation and citizen of the State of Washington with its principal place of business at 800 SW 39th Street, Renton, WA.

6.      Defendant Convergent's registered agent in the State of Florida is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

7.      Defendant LVNV Funding LLC (hereinafter "LVNV") is a Delaware limited liability company with its principal place of business at 625 Pilot Road, Suite 3, Las Vegas, NV89119.

8.      Defendant LVNV's registered agent in the State of Florida is Corporation Service Company located at 1201 Hayes Street, Tallahassee, Florida 32301.

2

9. Defendants Convergent and LVNV are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

10. Defendant Convergent is licensed by the Florida Office of Financial Regulation as a "debt collector" in the State of Florida.

11. Defendant LVNV is licensed by the Florida Office of Financial Regulation as a "debt collector" in the State of Florida.

## III. FACTUAL ALLEGATIONS

12. Ms. Riffle incurred a credit card obligation to Chase Manhattan Bank USA, N.A. ("Chase Manhattan Bank") for personal, family, or household purposes, e.g. – the purchase of groceries, clothing, gasoline, household items, etc.

13. Upon information and belief, the cardholder agreement governing the credit card obligation to Chase Manhattan Bank provided that it was governed by applicable federal law and the laws of the State of Delaware.

14. The last payment made on Ms. Riffle's alleged Chase Manhattan Bank obligation was more than five (5) years ago.

15. Upon information and belief, LVNV obtained Ms. Riffle's alleged Chase Manhattan Bank obligation after it had gone into default.

3

16.     Upon information and belief, LVNV placed Ms. Riffle's alleged Chase Manhattan Bank obligation with Convergent for collection.

17.     Convergent mailed or caused to be mailed a letter dated May 22, 2014 to Ms. Riffle regarding her alleged Chase Manhattan Bank obligation. (A copy of this letter is attached hereto as Exhibit A.)

18.     Exhibit A was the first letter sent by Convergent to Ms. Riffle regarding her alleged Chase Manhattan Bank obligation.

19.     Exhibit A states in part:

Our client has advised us that they are willing to settle your account for 20% of your total balance due to settle your past balance. The full settlement must be received in our office by an Agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,021.63 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer in the future.

20.     Exhibit A concludes with the typewritten signature Convergent Outsourcing, Inc.

21.     Ms. Riffle was confused and mislead by Exhibit A.

22.     The account is time barred by the statute of limitations of the forum state (i.e., Florida) and pursuant to the choice of law provision in the Chase credit card agreement (i.e., Delaware).

4

23.   Under Florida law, the statute of limitations for credit card accounts such as Plaintiff's Chase Manhattan Bank credit card is no more than five (5) years.

24.   The statute of limitations on a credit card debt in Delaware is three (3) years.

25.   Nothing in <u>Exhibit A</u> disclosed that the debt was barred by the statute of limitations or not legally enforceable.

26.   The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)    The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

27.   Convergent and LVNV contributed to or participated in, or

5

authorized, and/or implemented the policies regarding the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant participated with each other and concurred in committing the acts complained of herein.

28.    Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

## IV.    DEFENDANTS' ROUTINE PRACTICES

29.    It is or was the routine practice of Defendants to send, or cause to be sent, letters in the form of Exhibit A seeking to collect timebarred debts which did not disclose that the statute of limitations has expired and that Defendant can not sue the consumer to collect  the debts.

## V.    CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action on her own behalf and on behalf of a class of consumers designated pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31.    The class is comprised of all persons who satisfy the following criteria: (i) all persons with addresses in Florida (ii) to whom any Defendants sent,

or caused to be sent, a letter in the form of Exhibit A on behalf of LVNV (iii) in an attempt to collect an alleged debt originally due Chase Manhattan Bank(iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A (vi) during the period one year prior to the date of filing this action.

32.     Plaintiff alleges on information and belief based on the use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

33.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

a.     Whether Defendants are debt collectors.

b.     Whether Defendants' letter in the form of Exhibit A violates the FDCPA.

34.     The claims of Ms. Riffle are typical of those of the class members. All are based on the same facts and legal theories.

35.     Ms. Riffle will fairly and adequately protect the interests of the class.

7

She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

36.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI.   COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

37.     Plaintiff incorporates the foregoing Paragraphs.

38.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on timebarred debts without disclosure of that fact.

39.     The nondisclosure is exacerbated by the offers of a "settlement" in Exhibit A.  An offer to settle implies a colorable legal obligation to pay.  The following statements, among others, in Exhibit A are contrived to erroneously suggest that the debt could be enforced legally:

> Our client has advised us that they are willing to settle your account
> for 20% of your total balance due to settle your past balance.  The full

8

settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,021.63 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer in the future.

40. The FDCPA provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(2) The false representation of--**
>
> > **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**Section 1692f provides:**

**§ 1692f. Unfair practices [Section 808 of P.L.]**

9

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, Plaintiff Janet Riffle requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendants Convergent Outsourcing Inc., and LVNV Funding LLC for:

A.   Certification for this matter to proceed as a class action;

B.   Declaratory relief that Defendants' letters in the form of <u>Exhibit A</u> violate the FDCPA;

C.   Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.   Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692(a)(3); and

E.   Such other or further relief as the Court deems proper.

## VII.   <u>JURY DEMAND</u>

Plaintiff Janet Riffle hereby demands trial by jury of all claims so triable.

DATED : July21, 2014.

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post   Office   Box   1948
Orlando,   FL   32802-1948
Voice :     (407) 648-9050
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.             0776238

O. Randolph Bragg
[Motion For *Pro Hac Vice* To Be Filed]
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT(S) :

"A"   Letter from Convergent Outsourcing to Janet Riffle (dated May 22, 2014) (Redacted) (3 pgs).

11





**Convergent**

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

Convergent Outsourcing, Inc.
10750 Hammerly Blvd # 200
Houston, TX 77043
877-495-0400
Mon-Fri 8AM-5PM

Date: 05/22/2014
Creditor: LVNV Funding LLC
Client Account #: ▓▓▓▓
Convergent Account #: ▓▓▓▓
Original Creditor: Chase Manhattan Bank
USA, N.A.

Settlement In Full: $1,021.63

| | |
|---|---|
| Principal: | $3,009.01 |
| Interest: | $2,099.12 |
| Total Balance: | $5,108.13 |
| Interest Rate: | 7.00% |

S320      317160979


Janet Riffle

---

**Settlement Offer**

---

Dear Janet Riffle:

This notice is being sent to you by a collection agency. The records of LVNV Funding LLC show that your account has a past due balance of $5,108.13.

Our client has advised us that they are willing to settle your account for 20% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,021.63 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**

---

**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.28870775.574

Pay by Phone: Please call Convergent Outsourcing, Inc. at 877-495-0400. We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

---

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT   BEFORE MAILING  PLEASE ENSURE RETURN ADDRESS ON
⬧ ⬧ REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE ⬧ ⬧

749ATERSO01S2200

877-495-0400

Re: Janet Riffle

Date: 05/22/2014
Creditor: LVNV Funding LLC
Client Account #: ▓▓▓▓
Convergent Account #: ▓▓▓▓
Settlement In Full: $1,021.63
Total Balance: $5,108.13

Amount Enclosed: US _____

✓ **Select Your Plan:**

☐ **OPPORTUNITY #1 - Lump Sum Settlement Offer of 20%:**
Enclosed is my payment of $1,021.63 (a 80% discount). My account is now satisfied in full.

☐ **OPPORTUNITY #2 - Settlement Offer of 40% & Pay Over 3 Months:**
Enclosed is my first payment of $681.08 towards the settlement balance of $2,043.25 (a 60% discount).

☐ **OPPORTUNITY #3 - Spread Your Payments Over 12 Months:**
Enclosed is my first payment of $425.68 towards the balance due of $5,108.13.

If we are calling you in error, please call 855-728-9701 or visit our website at www.convergentusa.com.

**PLEASE COMPLETE IF PAYING BY CREDIT CARD.**

| CARD NUMBER | | EXP DATE |
|---|---|---|
| CARDHOLDER NAME | | AMOUNT $ |
| CARDHOLDER SIGNATURE | | |

*If Options 2 or 3 Have Been Selected, Please Enter Monthly

Payment Date and Amount: _____ $ _____



Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS
⇩ ⇩          "APPEARS CORRECTLY THROUGH WINDOW OF THE REPLY ENVELOPE."          ⇩ ⇩        749ATERSO0153Z

Date: 05/22/2014
Creditor: LVNV Funding LLC
Client Account #:▮▮▮▮▮▮▮▮▮▮
Convergent Account #:▮▮▮▮▮▮▮

Settlement In Full: $1,021.63

Total Balance: $5,108.13

**Now Address:**
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: (_____) _____ - _____
Evening Phone: (_____) _____ - _____

S-28870775-S320
Convergent Outsourcing, Inc.
PO Box 9004
Renton  WA 98057-9004

lldududlluullddudldudllullludluudlluuldldull



**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

Resurgent Capital Services L.P.
Sherman Acquisition L.L.C.
Resurgent Capital Services PR LLC

LVNV Funding, LLC
PYOD LLC
Anson Street LLC

Ashley Funding Services LLC
SFG REO, LLC

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law