# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JANET RIFFLE,  
on behalf of herself,  
and all others similarly situated,

        Plaintiff,

  v.

CONVERGENT OUTSOURCING, INC.  
and LVNV FUNDING LLC,

        Defendants.

_____/

CASE NO. 6:14-cv-01181-ACC-TBS

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND STAY OF BRIEFING

Plaintiff Janet Riffle, on behalf of herself and all others similarly situated, has filed her complaint (Docket No. 1) in this matter alleging that Defendants Convergent Outsourcing, Inc. and LVNV Funding LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff moves the Court for an order certifying this case to proceed as a class action. Plaintiff requests that briefing of this Motion be stayed until the completion of discovery or as the Court schedules.

1

This action is brought on behalf of class defined as (i) all persons with addresses in Florida (ii) to whom any Defendants sent, or caused to be sent, a letter in the form of <u>Exhibit A</u> (iii) in an attempt to collect an alleged debt originally due Chase Manhattan Bank on behalf of LVNV (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) on which the last payment was made five or more years prior to the date of mailing of the letter in the form of <u>Exhibit A</u> (vi) during the period one year prior to the date of filing this action.

1. On June 5, 2014 Plaintiff filed this purported class action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). Defendants have not been served and have not yet filed their Answer. A Case Management Conference has not been scheduled. Discovery in this matter has not yet begun.

2. Defendants have violated the FDCPA by routinely sending letters in the form of <u>Exhibit A</u> seeking to collect time-barred debts which do not disclose that the alleged debt is time-barred or the dates of the transactions giving rise to the debts, or of the consequences of paying on a time-barred debt. These practices show that the class is so numerous that joinder of all members is impracticable.

All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

      3.      There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each member of the class is also the principal question – whether Defendants' letter in the form of <u>Exhibit A</u> violates 15 U.S.C. §§ 1692e and 1692f.

      4.      There are no individual issues other than identifying the class members which may be accomplished through a review of Defendants' records. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

      5.      Ms. Riffle will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA as well as class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

      6.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Most of the class members are not aware of their rights pursuant to the FDCPA and have no knowledge that their rights are being violated by illegal practices of Defendants.

    b. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action $1,000 per call pursuant to the FDCPA.

    c. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

  7. Ms. Riffle files Plaintiff's Motion for Class Certification at this beginning stage of the case in order to avoid any attempt by Defendants to "pick off" Plaintiff with an Offer of Judgment before Plaintiff has completed the discovery needed for her Motion for Class Certification.  See: <u>Damasco v. Clearwire Corp.</u>, 662 F.3d 891, 897 (7th Cir. 2011) ("any class member following in Damasco's footsteps can avoid the barrier he now faces simply by moving to certify a class when filing suit").  See: <u>Porter v. Collecto, Inc.</u>. 2014 WL 2883979 (S.D.Fla., June 25, 2014).  Plaintiff requests the Court to stay briefing on Plaintiff's Motion for Class Certification until completion of discovery or other appropriate date set by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court accept Plaintiff's Motion for Class Certification and stay briefing until completion of discovery or other appropriate date set by the Court.

AUGUST 5, 2014

/s/ Donald E. Petersen
Donald E. Petersen
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice :     (407) 648-9050
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.              0776238

/s/ O. Randolph Bragg
O. Randolph Bragg

HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFFS**

EXHIBIT LIST :

EXHIBIT "A" :  Letter (dated May 22, 2014) from Convergent Outsourcing, Inc. to Plaintiff

## **CERTIFICATE CONCERNING SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing will be sent to Defendants' counsel(s) within eleven days after they enter an appearance in this matter.

/s/ Donald E. Petersen
DONALD E. PETERSEN