UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:14-cv-01181-ACC-TBS

JANET RIFFLE on behalf of herself,
and all others similarly situated,

Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.
and LVNV FUNDING LLC,

     Defendants.
_____/

### CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f), Local Rule 3.05(c), and this Court's October 14, 2014, Order Granting Plaintiff's Unopposed Motion to Extend Deadline for Filing Motion for Class Certification:

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** | | **November 14, 2014** |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | | **COMPLETED** |
| **Motions to Add Parties or to Amend Pleadings** | | **December 23, 2014** |
| **Disclosure of Expert Reports** | **Plaintiffs:** | **July 31, 2015** |
| | **Defendant:** | **August 31, 2015** |
| | | |
| **Discovery Deadline** | | **October 1, 2015** |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** | | **November 2, 2015** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | | **February 15, 2016** |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** | | **February 22, 2016** |

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| Trial Term Begins | | **April, 2016** |
| Estimated Length of Trial  [trial days] | | **3-4 days** |
| Jury / Non-Jury | | **Jury** |
| Mediation | Deadline: | **By November 6, 2015** |
| | Mediator: | **Richard Wack** |
| | Address: | **174 W. Comstock St. Suite 106 Winter Park, FL 32789** |
| | Telephone: | **407-740-6199** |
| All Parties Consent to Proceed Before Magistrate Judge | | Yes ____  No ____  X ____ |
| | | **Likely to Agree in Future** |

**Further, pursuant to this Court's October 14, 2014, Order Granting Plaintiff's Unopposed Motion to Extend Deadline for Filing Motion for Class Certification**

| Plaintiff shall file her motion for class certification. | **January 5, 2015** |
|---|---|

## I.       Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on October 24, 2014, at 11:00 a.m., at 111 North Orange Avenue, Suite 1200, Orlando, Florida and was attended by:

<u>Name</u>                        <u>Counsel for (if applicable)</u>

**Donald E. Petersen   Plaintiff (In Person)**

**O. Randolph Bragg   Co-Counsel for Plaintiff (Attended Telephonically)**

**Kenneth L. Baker       Counsel for Defendants Convergent Outsourcing and LVNV Funding (In Person)**

---

[1]A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

II.     **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

**Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):**

**The parties _____ have exchanged  X  agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)**

**on _____                          by  X       November 14, 2014**

**Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section III below.**

III.    **Electronic Discovery**

**The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):**

**___     no party anticipates the disclosure or discovery of ESI in this case;**

**  X     one or more of the parties anticipate the disclosure or discovery of ESI in this case.**

**If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]**

**A.      The form or forms in which ESI should be produced.**

_____

[2]  See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

If any information is furnished in electronic form such as on a CD or DVD, the information is to be readily accessible and printable in Portable Document Format (PDF) and/or MicroSoft Excel.   Alternatively, the document may be produced in another electronic format if and only if all software and anything else necessary to view and print the document is also simultaneously produced.

B.     Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

All parties agree electronically stored information will be included within the scope of discovery to the same extent as information in paper form with the exception of any attorney time records of any party which may be produced in paper format and appropriately redacted to preserve attorney-client privilege and attorney work product.

The time period that encompasses the requested ESI is July 21, 2013, one year prior to the filing of this action, through the date of class certification (the "Requested Time Period").

Plaintiff anticipates needing Defendants' electronic records concerning attempts to collect alleged debts from Plaintiff and the Florida class members including, but not limited to, Defendant(s)' mailing records, collection notes, computer records (e.g., metadata, change logs, etc.) concerning such persons.

Plaintiff anticipates requesting ESI which includes the records, within Defendant(s)' immediate custody, possession, or control, of any agents or other third persons who mailed or prepared mailing lists for the communications at issue in this case.

Finally, Plaintiff anticipates needing any electronic records concerning any other discoverable facts concerning any affirmative defenses raised by Defendant(s).   The requested ESI does not include system-restoration back-up tapes, unless the originals or copies are not otherwise available.

C.     Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

Plaintiff anticipates needing metadata concerning any records that have been deleted.

D.     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably

accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

Any electronic records within Defendant(s)' immediate custody, possession, or control, including but not limited to electronic records, within Defendant(s)' immediate custody, possession, or control, of any agents or other third persons who mailed or prepared mailing lists for the communications at issue in this case.

E.     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

Defendants shall promptly provide such information to Plaintiff when available.

F.     Any issues relating to preservation of discoverable ESI.

All ESI for the Requested Time Period relating to Plaintiff and putative class members shall be preserved throughout the pendency of this litigation.  The parties shall continue to confer in good faith to resolve any issues concerning ESI which may arise.

G.     Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

As discovery progresses the need for a confidentiality agreement and order to govern the production of protect confidential and proprietary trade secret information, and/or the confidential information of non-parties, may arise and will be addressed by the parties at that time.

H.     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

ESI for the Requested Time Period should be focused on records concerning Plaintiff and putative class members.

The putative class is comprised of all persons who satisfy all the following criteria:

(i)     All persons with addresses in Florida;

(ii)    To whom any Defendant sent, or caused to be sent, a letter in the form of Exhibit A to the Class Action Complaint on behalf of Defendant LVNV;

(iii)   During the period July 21, 2013 through July 21, 2014;

(iv)    In an attempt to collect an alleged debt originally due Chase Manhattan Bank;

(v)     Which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes;

(vi)    On which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A to the Class Action Complaint.

The ESI preserved and produced shall also include all ESI concerning any other discoverable facts concerning any affirmative defenses raised by Defendant(s).

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

Defendants retain the right to object to specific requests for production of ESI when made, including but not limited to objections that the requests are overbroad, burdensome, irrelevant, not reasonably limited in time or scope, request ESI that is not reasonably accessible, and not likely to lead to the discovery of admissible evidence.

Defendants believe the cost of the discovery of ESI as set forth above may be out of proportion to the amount in controversy in the present matter, and retain the right to seek more narrowly tailored requests, or a cost-sharing agreement related to the requested production.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed,

the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

 __X__ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.     **Agreed Discovery Plan for Plaintiffs and Defendants**

A.     **Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper — including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

 __X__     Yes

 ___     No

**B.      Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

N/A

**C.      Limits on Discovery  —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**1.      Depositions**

Oral Depositions shall be in accordance with the Federal Rules.

**2.      Interrogatories**

Interrogatories shall be in accordance with the Federal Rules.

**3.      Document Requests**

Document Requests shall be in accordance with the Federal Rules.

**4.      Requests to Admit**

Requests to Admit shall be in accordance with the Federal Rules.

**5.      Supplementation of Discovery**

**Supplementing Disclosures and Responses (in general and per expert witnesses) shall be in accordance with the Federal Rules of Civil Procedure §§ 26(e)(1)-(2).**

**D.      Discovery Deadline  —**

**Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows:**

**N/A**

**E.      Disclosure of Expert Testimony  —**

**On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:**

**If either party wishes to designate an expert witness, that party shall do so on or before July 1, 2015 to permit the opposing party to retain responsive experts, if necessary.**

**F.      Confidentiality Agreements —**

**Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.**

9

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

As discovery progresses the need for a confidentiality agreement and order to govern the production of protect confidential and proprietary trade secret information, and/or the confidential information of non-parties, may arise and will be addressed by the parties at that time.

G.   Other Matters Regarding Discovery —

Inadvertent disclosure of privileged documents does not operate as a waiver of the privilege or attorney work product as long as the producing party discovers the inadvertent production, or is informed of the inadvertent production, and requests the return of the document.

IV.   Settlement and Alternative Dispute Resolution.

A.   Settlement —

The parties agree that settlement is

____ likely  __X__ unlikely     (check one)

The parties request a settlement conference before a United States Magistrate Judge.

____ yes        __X__ no        likely to request in future

10

**B.    Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

**___** yes            **X** no       likely to agree in future

_____ Binding            _____Non-Binding

**C.    Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.  The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.    Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

N/A

**Date:  October 30, 2014**

Signature of Counsel (with information required by Local Rule 1.05(d))

s/  *Kenneth L. Baker*

KENNETH L. BAKER
Florida Bar Number 254207
SPENSYR A. MAYFIELD
Florida Bar Number  85132
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
407-203-7562 - Telephone
407-648-1376 - Facsimile
sean.mcdonough@wilsonelser.com
kenneth.baker@wilsonelser.com
Attorneys for Defendants

11

s/  ***Donald E. Petersen***

DONALD E. PETERSEN
Florida Bar Number 0776238
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
407-648-9050 - Telephone
petersen221@yahoo.com
Attorneys for Plaintiff

and
s/  ***O. Randolph Bragg***

O. Randolph Bragg (pro hac vice)
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
rand@horwitzlaw.com
Co-counsel for Plaintiff