# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JANET RIFFLE,
on behalf of herself,
and all others similarly situated,

        Plaintiff,

    v.                        CASE NO. 6:14-cv-01181-ACC-TBS

CONVERGENT
OUTSOURCING, INC.
and LVNV FUNDING LLC,

        Defendants.
_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Local Rule

4.04, and Order of April 2, 2015 (Document No. 65) Plaintiff Janet Riffle moves

the Court to certify this case as a class action defined as (I) all persons with

addresses in Florida (ii) to whom Defendant Convergent Outsourcing, Inc. sent, or

caused to be sent, a letter in the form of Exhibit A on behalf of LVNV Funding

LLC (iii) in an attempt to collect an alleged debt originally due Chase Manhattan

Bank (iv) which, as shown by the nature of the alleged debt, Defendants' records,

or the records of the original creditors, was primarily for personal, family, or

household purposes (v) on which the last payment was made five  or more years prior to the date of mailing of the letter in the form of Exhibit A (vi) during the period one year prior to the date of filing this action.

In support of this motion, the parties state the following:

1.      Plaintiff filed this purported class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA").

2.      Plaintiff alleges that the policy and practice of Defendants to send, or cause to be sent, letters in the form of Exhibit A seeking to collect timebarred debts which did not disclose that the statute of limitations has expired and that Defendants could not sue the consumer to collect  the debts.

3.      All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4.      Defendants have admitted that since July 21, 2013 (one year prior to the filing date of this litigation) more than 100 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five  or more years prior to the date of mailing of the letter in the form of Exhibit A.

5.      Plaintiff alleges that there are questions of law and fact common to the

class, which common issues predominate over any issues affecting only individual class members.  The factual issue common to each class member is that each was sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five  or more years prior to the date of mailing of the letter in the form of Exhibit A.   The principal legal issue is whether Defendants' letter in the form of Exhibit A violated the FDCPA.

6.     There are no individual issues other than identifying class members which may be accomplished through a review of Defendants' records.  Pursuant to the proposed class definition all of the debts involved were incurred for personal, family, or household purposes.

7.     Plaintiff's claims are typical of those of the class members.  All are based on the same facts and the same legal theories.

8.     Ms. Riffle will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

9.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this

controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.  15 U.S.C. §1692k(a)(2)(B) and §1692k(b)(2).

   b. Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices.

   c. The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.

   d. Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

 10. Pursuant to Rule 23(c)(2) and Local Rule 4.04(b) notice approved by the Court may be given to the class members by first class U.S. Mail.

 11. These grounds are further explained and supported by the accompanying memorandum of law.

Dated : May 22, 2015

 s/ O. Randolph Bragg
O.  Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

/s/ Donald E. Petersen
Donald E. Petersen
LAW OFFICE OF DONALD E PETERSEN
Post Office Box 1948
Orlando, FL 32802-1948
Telephone : (407) 648 - 9050
depecf@cfl.rr.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing  was served via CM/ECF to DALE THOMAS GOLDEN, ESQ. whose addresses is :

Golden Scaz Gagain, PLLC
Attn : Mr. Dale T. Golden, Esq.
201 North Armenia Avenue
Tampa, FL 3360

via the Court's CM/ECF system on May 22, 2015.   Notice of this ECF filing will be sent to the parties of record by operation of the Court's electronic filing system on the date indicated therein.

There are not any parties in this action who are non-CM/ECF participants.

 s/ O. Randolph Bragg
O. RANDOLPH BRAGG