**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANET RIFFLE, on behalf of herself
and all others similarly situated;

    Plaintiffs,

vs.                              Case No.: 6:14-cv-1181-Orl-22TBS

CONVERGENT OUTSOURCING, INC., a
Washington corporation,
and LVNV FUNDING, LLC,
a Delaware limited liability company.

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

    COMES NOW, Defendant CONVERGENT OUTSOURCING, INC. ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 34, and hereby responds to Plaintiff's Request for Production as follows:

1. Plaintiff Janet Riffle (hereinafter "Ms. Riffle") is natural person who, at all times relevant, resided in Maitland, Orange County, Florida.

   **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002).

2. Ms. Riffle is a "consumer" as defined by the 15 U.S.C. § 1692a(3).

   **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See,*

*Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36").

3. Defendant Convergent Outsourcing, Inc. is a corporation engaged in the business of collecting past due obligations with it principal place of business at 800 SW 39th Street Renton, WA.

   **RESPONSE:** Admitted.

4. Convergent is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

   **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36").

5. Defendant LVNV Funding LLC (hereinafter "LVNV") is a Delaware limited liability company with its principal place of business at 625 Pilot Road, Suite 3, Las Vegas, NV 89119.

   **RESPONSE:** Admitted.

6. LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

   **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See,*

*Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36").

7. Convergent is licensed by the Florida Office of Financial Regulation as a "consumer collection agency" in the State of Florida.

   **RESPONSE:** Admitted.

8. LVNV is licensed by the Florida Office of Financial Regulation as a "consumer collection agency" in the State of Florida.

   **RESPONSE:** Admitted.

9. Ms. Riffle incurred a credit card obligation to Chase Manhattan Bank USA, N.A. ("Chase Manhattan Bank") for personal, family, or household purposes, e.g. – the purchase of groceries, clothing, gasoline, household items, etc.

   **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002).

10. Ms. Riffle's cardholder agreement governing the credit card obligation with Chase Manhattan Bank provided that it was governed by applicable federal law and the laws of the State of Delaware.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it is vague, ambiguous and confusing. Specifically, Plaintiff has failed to provide a copy of the document referenced in this request and as such Defendant is unable to verify the accuracy of this statement. Defendant further objects to this request on the grounds that it violates the best evidence rule. *See,* FRE 1002.

11. The last payment made on Ms. Riffle's alleged Chase Manhattan Bank obligation was made more than five (5) years ago.

**RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Moreover, Defendant objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002)

12. LVNV obtained Ms. Riffle's alleged Chase Manhattan Bank obligation after it had gone into default.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002).

13. LVNV placed Ms. Riffle's alleged Chase Manhattan Bank obligation with Convergent for collection.

    **RESPONSE:** Denied.

14. Convergent mailed or caused to be mailed a letter dated May 22, 2014 to Ms. Riffle regarding her alleged Chase Manhattan Bank obligation. (A copy is attached to the Complaint as Exhibit A).

    **RESPONSE:** Admitted.

15. Exhibit A was the first letter sent by Convergent to Ms. Riffle regarding her alleged Chase Manhattan Bank obligation.

    **RESPONSE:** Admitted.

16. Exhibit A states in part:

    Our client has advised us that they are willing to settle your account for 20% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $1,021.63 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer in the future.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it violates the best evidence rule. *See,* FRE 1002.

17. Exhibit A concludes with the typed written signature "Convergent Outsourcing, Inc."

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it violates the best evidence rule. *See,* FRE 1002.

18. Ms. Riffle was confused and mislead by Exhibit A.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Defendant further

objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence as the claims at issue provide for strict liability and are to be evaluated under an objective standard.

19. The Debt referred to in Exhibit A was time barred by the statute of limitations of the forum state (i.e. Florida).

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Defendant further objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002). Finally, Defendant objects to this request on the grounds that the use of the phrase "was time barred" without further explanation renders this request vague, ambiguous and confusing.

20. Under Florida law, the statute of limitations for credit card accounts such as Plaintiff's Chase Manhattan Bank credit card is no more than five (5) years.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require

Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Finally, Defendant objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002).

21. The Debt referred to in Exhibit A was time barred pursuant to the choice of law provision in the Chase credit card agreement (i.e. Delaware).

    **RESPONSE:**: Objection. Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Defendant further objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002). Finally, Defendant objects to this request on the grounds that the use of the phrase "was time barred" without further explanation renders this request vague, ambiguous and confusing.

22. The statute of limitation on a credit card debt in Delaware is three (3) years.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Finally, Defendant objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002).

23. Exhibit A did not disclose that Ms. Riffle's debt was barred by the statute of limitation or that it was not legally enforceable.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this request on the grounds that it violates the best evidence rule. *See,* FRE 1002.

24. Ms. Riffle's alleged Debt is outside any applicable statute of limitations.

**RESPONSE:** Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Additonally, Defendant objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002).

25. Exhibit A did not to advise [sic] that making a payment toward "settlement" would renew or reinstate the time-barred debt.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it violates the best evidence rule. *See,* FRE 1002.

26. The language "to settle your account" and "settlement" contained in Exhibit A conveys that the obligation is legally enforceable.

    **RESPONSE:** Objection. Defendant objects as this Request inappropriately re-serves a portion of the complaint in the form of a Request for Admissions so as to require Defendant to admit or deny a paragraph of a complaint it has already answered. *See, Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002). Additionally, Defendant objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties

of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002).

27. A partial payment pursuant to Exhibit A would renew the statute of limitations and make the payer vulnerable to a collection lawsuit on the full amount of the alleged debt.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it calls for a legal conclusion. *In re Tobkin*, 578 Fed. Appx. 962, 964 (11th Cir. 2014)("A party may not request an admission of a legal conclusion under Rule 36"). Defendant further objects to this Request as it seeks an admission on an issue central to Plaintiffs' liability claim in this case and as such, is contrary to the purpose of Rule 36. *See, F.D.I.C. v. B & A Title Services Corp.*, 12-24258-CIV, 2013 WL 5814506 (S.D. Fla. 2013) ("Rule 36 is a time-saver, designed 'to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial.'")(citing *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002).

28. It is or was the routine practice of Defendants to send, or cause to be sent, letters in the form of Exhibit A seeking to collect time-barred accounts that do not disclose that the alleged debt was time-barred or provide the dates of the transactions giving rise to the obligation or of the consequences of paying on a time-barred debt.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it is vague, ambiguous and confusing. Specifically, Plaintiff has failed to define "routine practice" or to identify the "consequences" referenced in this request.

29. Since July 21, 2013 more than 50 person with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank.

    **RESPONSE:** Admitted.

30. Since July, 2013 more than 100 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank.

**RESPONSE:** Admitted.

31. Since July 21, 2013 more than 500 person with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt t collect an alleged obligation originally due Chase Manhattan Bank.

    **RESPONSE:** Denied.

32. Since July 21, 2013 more than 1,000 person with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt t collect an alleged obligation originally due Chase Manhattan Bank.

    **RESPONSE:** Denied.

33. Since July 21, 2013 more than 5,000 person with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt t collect an alleged obligation originally due Chase Manhattan Bank.

    **RESPONSE:** Denied.

34. Since July 21, 2013 more than 50 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A.

    **RESPONSE:** Admitted.

35. Since July 21, 2013 more than 100 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A.

    **RESPONSE:** Admitted.

36. Since July 21, 2013 more than 500 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A.

    **RESPONSE:** Denied.

37. Since July 21, 2013 more than 1,000 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A.

**RESPONSE:** Denied.

38. Since July 21, 2013 more than 5,000 persons with a Florida address were sent a letter in the form of Exhibit A on behalf of LVNV in an attempt to collect an alleged obligation originally due Chase Manhattan Bank on which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A.

    **RESPONSE:** Denied.

39. Convergent is covered by insurance for the claims made in this litigation.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the statute at issue provides for strict liability and Defendant does not deny that it sent the letter at issue. As such the information sought through this request is outside the scope of permissible discovery. *See,* FRE 411.

40. LVNV is covered by insurance for the claims made in this litigation.

    **RESPONSE:** Objection. Defendant objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, the statute at issue provides for strict liability and Defendant does not deny that it sent the letter at issue. As such the information sought through this request is outside the scope of permissible discovery. *See,* FRE 411.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email to Donald E. Petersen at petersen221@yahoo.com and O. Randolph Bragg at rand@horwitzlaw.com on this 22nd day of April, 2015.

    /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
 /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
braslavich@gsgfirm.com
Counsel for Defendant