UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET RIFFLE, on behalf of herself
and all others similarly situated;

    Plaintiffs,

vs.

Case No.: 6:14-cv-1181-Orl-22TBS

CONVERGENT OUTSOURCING, INC., a
Washington corporation,
and LVNV FUNDING, LLC,
a Delaware limited liability company.

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

COMES NOW, Defendants CONVERGENT OUTSOURCING, INC. and LVNV FUNDING, LLC ("Defendants"), by and through their undersigned counsel, and hereby file this Response in Opposition to Plaintiff's Motion for Class Certification and state as follows:

    **I.    Factual Background / Procedural History.**

Plaintiff brings this putative class action against Defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See,* DE 1, generally. All of Plaintiff's claims stem from allegations that Defendants caused to be mailed a collection letter to Plaintiff on May 22, 2014 seeking to collect upon Plaintiff's delinquent credit card obligation to Chase Manhattan Bank USA, N.A. *Ibid.* at ¶¶ 12, 17. Plaintiff alleges that the letter at issue violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f as it seeks to collect a "timebarred debt[] without disclosure of that fact." *Ibid.* ¶ 38. As factual support for Plaintiff's allegation that her debt was "timebarred", Plaintiff alleges that the cardholder

agreement governing the credit card debt at issue provides that Delaware law applies, that the statute of limitations on credit card debt in Delaware is three (3) years, and that Plaintiff's last payment on the debt was more than five (5) years ago. *Ibid.* at ¶¶ 13, 14 and 24.[1]

Prior to April 17, 2014, Plaintiff's account with Chase Manhattan Bank USA, N.A was acquired by LVNV FUNDING, LLC ("LVNV"). *See,* Declaration of Meghan Emmerich attached hereto as "Exhibit A" ("Dec. Emmerich") at ¶¶ 6 and 7. On April 17, 2014, Resurgent Capital Services, LP in its capacity as the master servicing agent for LVNV referred this account to Convergent Outsourcing, Inc. ("Convgerent") for collection. *Ibid.* at ¶ 8. Convergent then sent the letter at issue to Plaintiff on May 22, 2014. *See,* Declaration of Jeff Hunter attached hereto as "Exhibit B" ("Dec. Hunter") at ¶ 8.

On May 22, 2015, Plaintiff filed her Motion for Class Certification and Memorandum in Support thereof. *See,* DE 67 and 68.[2] Through her Motion for Class Certification, Plaintiff asks this Court to certify a class of claimants consisting of:

> (i)    All persons with address in Florida;
> (ii)   To whom Defendant Convergent Outsourcing, Inc. sent, or caused to be sent, a letter in the form of Exhibit A on behalf of LVNV Funding LLC;
> (iii)  In an attempt to collect an alleged debt originally due Chase Manhattan Bank;
> (iv)   Which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family or household purposes;

---

[1] In an apparent attempt to cover all bases, Plaintiff alleges that her last payment on the debt at issue was outside of the applicable Florida statute of limitation on credit card debt. However, given that Plaintiff has explicitly alleged that Delaware law controls, the Florida statute of limitations is of no import.

[2] Plaintiff's submission of a Motion and separate Memorandum is in direct contravention of Local Rule 3.01(a) which requires that all motions and supporting memoranda be submitted "in a single document not more that twenty-five (25) pages." Plaintiff's inability to heed this Court's Local Rules militates against a finding that Plaintiff and her counsel will adequately represent the interests of the proposed class. *See, e.g., Quintanilla v. Sci.-Atlanta, Inc.*, 35 Fed. R. Serv. 2d 123 (N.D. Tex. 1982)("failure to comply with the Local Rules bears strongly on the adequacy of the class representative"); *Kandel v. Bro. Intern. Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010)(finding counsel inadequate to represent the interest of the class in light of, *inter alia*, inability to follow local rules); *Buckland v. Maxim Healthcare Services, Inc.*, CV 11-8414-JST JEMX, 2012 WL 3705263, at *6 (C.D. Cal. Aug. 27, 2012)(same).

      (v)      On which the last payment was made five or more years prior to the date of mailing of the letter in the form of Exhibit A;

      (vi)     During the period one year prior to the date of filing this action.

*See,* DE 68 at p. 2.

With respect to Plaintiff's account in question, Defendants are not in possession, custody or control of the cardholder agreement which governs Plaintiff's account. *See*, Dec. Emmerich at ¶ 9; Dec. Hunter at ¶ 9. Defendants are not in possession, custody or control of documentation which demonstrates the nature of any purchases made on Plaintiff's account. *See,* Dec. Emmerich at ¶ 10; Dec. Hunter at ¶ 10. Likewise, Defendants are not in possession, custody or control of the cardholder agreements which govern the financial obligations of the putative class members, nor are Defendants in possession, custody or control of documentation demonstrating the nature of the financial obligations of the putative class members. *See,* Dec. Emmerich at ¶¶ 11 – 12; Dec. Hunter at ¶¶ 11 – 12.

Through the instant Motion, Defendant respectfully requests that the Court deny Plaintiff's Motion for Class Certification, as Plaintiff has failed to demonstrate that the requirements of Federal Rule of Civil Procedure 23 have been satisfied.

    **II.**    **Legal Standard.**

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979)). Accordingly, the burden of establishing the propriety of class certification rests with the advocate of the class. *Valley Drug Co. v. Geneva Pharms., Inc*., 350 F.3d 1181, 1187 (11th Cir.2003); *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir.1975). The

prerequisites to class certification are referred to as "numerosity, commonality, typicality, and adequacy of representation," and are "designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir.2000). In addition to the requirements of Rule 23(a), at least one of the three alternative subsections of Rule 23(b) must be satisfied to certify a class. *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir.2009).

Plaintiff seeks certification under Rule 23(b)(3), which requires her to demonstrate (1) that questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id*. Failure to establish any of the required elements of Rule 23(a) or Rule 23(b) (3) precludes class certification. *Valley Drug*, 350 F.3d at 1188 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615–18, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). Evidentiary proof is required to show compliance with Rule 23. *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432, 185 L.Ed.2d 515 (2013) (quoting *Dukes*, 131 S.Ct. at 2551–52). The party seeking class certification must prove compliance by a preponderance of the evidence. *See, Messner v. Northshore Univ. Health Sys.*, 669 F.3d 802, 811 (7th Cir.2012); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir.2009); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir.2008). Since Rule 23 does not impose a mere pleadings standard, it may be necessary to probe behind the pleadings on the certification question, and "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Duke*s, 131 S.Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)) (internal citations omitted). The claims, defenses, relevant facts, and applicable

substantive law must be understood in order to make a meaningful determination of the certification issues. *Madison v. Chalmette Refining, LLC*, 637 F.3d 551, 555 (5th Cir.2011). And the analysis will frequently "overlap with the merits of the plaintiff's underlying claim," since the "'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Id*. at 2552 (quoting *Falcon*, 457 U.S. at 160). In sum, a class may not be certified without a finding that each Rule 23 requirement is met. *Hydrogen Peroxide*, 552 F.3d at 310. The analysis must be "rigorous" and based on findings supported by the factual record. *Vega v. T–Mobile USA, Inc*., 564 F.3d 1256, 1266–67 (11th Cir.2009).

    **III.    Argument.**

Plaintiff's Motion for Class Certification must be denied as Plaintiff has failed to provide the Court with evidentiary proof that an ascertainable class of claimants exists and has further failed to demonstrate that common questions of law and fact predominate over individual inquiries.

    **a.  Plaintiff has failed to provide the Court with evidentiary proof that an ascertainable class of claimants exists.**

"It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short,* 433 F.2d 733, 734 (5th Cir. 1970); *see also, Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) ("Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'"); *Rink*, 203 F.R.D. at 659 (holding that Federal Rule of Civil Procedure 23(a) "contains an implicit requirement that the class be 'adequately defined and clearly ascertainable'").

"[A] plaintiff must show, by a preponderance of the evidence, that the class is currently and readily ascertainable based on objective criteria, and a trial court must undertake a rigorous analysis of the evidence to determine if the standard is met." *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013)(internal citations omitted). "Ascertainability mandates a rigorous approach at the outset because of the key roles it plays as part of a Rule 23(b)(3) class action lawsuit." *Id.* at 307. "A plaintiff may not merely propose a method of ascertaining a class ***without any evidentiary support*** that the method will be successful." *Id.* at 306 (emphasis added). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon County Greyhound Park, Inc.*, 562 Fed. Appx. 782, 787 (11th Cir. 2014) "The analysis of the objective criteria also should be administratively feasible." *Id.* "'Administrative feasibility' means 'that identifying class members is a manageable process that does not require much, if any, individual inquiry.'" *Id.* (quoting *Newberg on Class Actions* § 3.3 p. 164 (5th ed.2012)).

The Eleventh Circuit has unequivocally held that in order to be entitled to relief under the FDCPA, a plaintiff must make a "threshold showing that the money being collected qualifies as a 'debt'" as defined by the FDCPA. *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010). With respect to this essential element of a claim under the FDCPA, the Eleventh Circuit has explained:

> To recover under…the FDCPA…, a plaintiff must make a threshold showing that the money being collected qualifies as a "debt." The FDCPA…defines "debt" as:
>
>> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

> Accordingly, the FDCPA….appl[ies] only to payment obligations of a (1) consumer arising out of a (2) transaction in which the money, property, insurance, or services at issue are (3) primarily for personal, family, or household purposes. The statute thus makes clear that the mere obligation to pay does not constitute a "debt" under the FDCPA.

*Id*., 627 F.3d at 836-37 (internal citations omitted).

Courts have recognized that the inclusion of the word "primarily" in the definition requires courts to "look to the substance of the transaction" in order to determine the "debt" element. *See, Slenk v. Transworld Systems, Inc.,* 236 F.3d 1072, 1075 (9th Cir.2001)(quoting *Riviere, et al. v. Banner Chevrolet, Inc.*, 184 F.3d 457, 462 (5th Cir.1999)).

Through her proposed class definition, Plaintiff acknowledges, as she must, that only persons whose debt was incurred "was primarily for personal, family or household purposes" are entitled to inclusion in the class. *See,* DE 68 at p. 2. While Plaintiff's Motion for Class Certification contains no explicit methodology for ascertaining the nature of each putative class member's debt, implicit in Plaintiff's proposed class definition is a suggestion that the nature of each debt at issue can be revealed through a review of "Defendants' records, or the records of the original creditors[.]" *Ibid.*

Absent from Plaintiff's Motion is any evidence that these "records" could successfully reveal the "primary purpose" for which each individual debt was incurred. In fact, as detailed *supra*, the uncontroverted evidence demonstrates that Defendants have no records demonstrating the nature of the putative class member's financial obligations. *See,* Dec. Emmerich at ¶ 12; Dec. Hunter at ¶ 12. Plaintiff has not supplied the Court with any evidence that the "records of the original creditors" referenced in Plaintiff's proposed class definition even exist, let alone that such records contain sufficient information from which the Court could determine the "primary

purpose" for which each individual debt was incurred. Accordingly, class certification must be denied as Plaintiff has failed to comply with the Supreme Court's mandate that a party seeking class certification affirmatively demonstrate that the elements of Rule 23 have been satisfied through <u>evidentiary</u> proof. *See, Comcast Corp.,* 133 S.Ct. at 1432 (quoting *Dukes*, 131 S. Ct. at 2551 – 52); *see also, In re Photochromic Lens Antitrust Litig.*, 8:10-CV-00984-T-27EA, 2014 WL 1338605, at *5 (M.D. Fla. Apr. 3, 2014)(Whittemore, J.)("Evidentiary proof is required to show compliance with Rule 23.")

Similarly absent from Plaintiff's Motion for Class Certification is any method by which Defendants could challenge the accuracy of the "records of the original creditors" to the extent such record even exist. The absence of method by which a class action defendant can challenge the evidence relied upon to prove class membership constitutes a denial of due process and precludes class certification. *See, e.g., Carrera,* 727 F.3d 300. In *Carrera*, the plaintiff brought suit under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA") alleging that the defendant falsely and deceptively advertised its diet supplement. *Id.* at 304 – 305. The Third Circuit framed the ascertainability issue as follows:

> In this case, the ascertainability question is whether each class member purchased WeightSmart in Florida. If this were an individual claim, a plaintiff would have to prove at trial he purchased WeightSmart. A defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues. A defendant has a similar, if not the same, due process right to challenge the proof used to demonstrate class membership as it does to challenge the elements of a plaintiff's claim. Ascertainability provides due process by requiring that a defendant be able to test the reliability of the evidence submitted to prove class membership.

*Id.* at 307 (internal citations omitted).

In defining the plaintiff's obligation with respect to the ascertainability requirement, the Court held:

> The method of determining whether someone is in the class must be "administratively feasible." A plaintiff does not satisfy the ascertainability requirement if individualized fact-finding or mini-trials will be required to prove class membership. Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry.
>
> The type of challenge to the reliability of evidence that is required will vary based on the nature of the evidence. For example, if Carrera produces retailer records that purport to list purchasers of WeightSmart, Bayer can challenge the reliability of those records, perhaps by deposing a corporate record-keeper. In sum, to satisfy ascertainability as it relates to proof of class membership, the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership.

*Id.*, 307-08 (internal citations omitted).

The plaintiff in *Carrera* proposed ascertaining the purchasers of the defendant's product through a review of records from retailers. *Id.* at 308. In rejecting the proposed method, the Court held that "there is no *evidence* that a single purchaser of WeightSmart could be identified using records of customer membership cards or records of online sales." *Id.* at 309 (emphasis added).

In the instant case, as in *Carrera*, the record is devoid of any evidence that the "primary purpose" for which any class member's debt was incurred can be determined through a review of "Defendants' records, or the records of the original creditors". In fact, Plaintiff did not offer a single "record" in support of her Motion for Class Certification and it is undisputed that Defendants have no such records. Moreover, Plaintiff has failed to "demonstrate h[er] purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership." *Id.* at 308. As such,

Plaintiff's Motion for Class Certification must be denied as Plaintiff has failed to carry her burden to demonstrate that the proposed class is "identifiable [and] can be ascertained by reference to objective criteria." *Bussey*, 562 Fed. Appx. at 787.

### b. Plaintiff has failed to demonstrate that common questions of law and fact predominate over individualized issues.

Plaintiff's argues that the predominance requirement is satisfied in light of the fact that "all class members, by definition, were sent a letter in the form of Exhibit A from Defendant which failed to state that the debt was timebarred and thereby were subjected to the same violations of the FDCPA as Ms. Riffle." *See,* DE 68 at p. 11. Plaintiff's argument is fundamentally flawed in that it incorrectly assumes that the debts of all persons meeting the proposed class definition were "timebarred" on the date that the letter was sent. Because the debts of those persons meeting the class definition are not necessarily outside of the statute of limitations, and because a determination of the applicable statute of limitations with respect to each putative class member's debt will require individualized inquiries, the predominance element has not been satisfied.[3]

To satisfy Rule 23(b)(3), the questions in a class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over questions that are subject only to individualized proof. *See, In re Photochromic Lens Antitrust Litig.*, 2014 WL 1338605 at *16 (citing *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1005 (11th Cir.1997)). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2009)(citing *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259

---

[3] To be clear, Defendant contests that the commonality element of Rule 23(a) has been satisfied. However, recognizing that the predominance inquiry is "far more demanding than the commonality requirement", Defendant will focus its argument on the predominance requirement of Rule 23(b). *See, Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).

F.3d 154, 172 (3d Cir.2001)); *see also, Photochromic Lens*, 2014 WL 1338605 at *17("individual treatment of the *essential* elements of a case precludes certification")(emphasis in original).

The Eleventh Circuit has long recognized that "[w]hether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000)(citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 2249 138 L.Ed.2d 689 (1997) ("[The predominance] inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy."); *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) ("[C]lass determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' ")).

As detailed *supra*, Plaintiff's claim that her debt is timebarred is premised upon allegations that her debt is "governed by [..] the laws of the State of Delaware", that "[t]he statute of limitations on a credit card debt in Delaware is three (3) years" and that "the last payment made on [Plaintiff's debt] was more than five (5) years ago." *See,* DE 1 at ¶¶ 13, 14 and 24. Plaintiff has proposed that class membership be limited to those responsible for debts "on which the last payment was made five or more years prior to the date of the mailing of the letter". *See,* DE 68 at p. 2. Through her allegations and her proposed class definition, Plaintiff contends that the absence of a payment made on an obligation governed by Delaware law for a five year period renders the debt outside of the applicable statute of limitations. Plaintiff misconstrues Delaware law.

The relevant Delaware statute of limitations, found at Section 8106(a) of Title 10 of the Delaware Code, reads:

> No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by instrument under seal, no action based on a detailed statement of the mutual demands in the nature of a debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of action ....

10 Del. C. § 8106(a).

In *Carter v. Athena Funding Group Assets LLC*, 612-CV-706-ORL-31DAB, 2012 WL 3947344 (M.D. Fla. Sept. 10, 2012), Judge Presnell examined the Delaware statute of limitations as it applied to the plaintiff's credit card debt. *Id.* at * 1. In *Carter*, the plaintiff asserted that the defendant violated the FDCPA by filing suit to collect on a credit card debt after the statute of limitations had run. *Id.* Specifically, the plaintiff alleged that he had made his last payment more than three years prior to the filing of the defendant's lawsuit and that the applicable Delaware statute of limitations required the defendant to file suit no more than three years after the accrual of its cause of action. *Id.* The defendant moved to dismiss arguing that the plaintiff had failed to state a claim as "the cause of action accrued on 'the date of last activity,' which is also known as the 'final default date' or the date the account was closed." *Id.* After examining an analogous case decided by the Delaware Supreme Court, Judge Presnell concluded:

> As in *Worrel,* the contract at issue here does not declare the entire debt immediately due and payable as soon as the cardholder misses a payment. The Cardmember Agreement provides that the cardholder will be considered to be in default if he or she fails to make a minimum payment, and further provides that "[i]f we consider your account to be in default, we may close your account

> without notice and require you to pay your unpaid balance immediately." Doc. 1–1 at 3. Accordingly, per *Worrel,* after Carter missed his payment, the statute of limitations would not have begun to run until he first received an indication that the lender was closing his account and requiring him to pay his unpaid balance immediately. The Amended Complaint does not allege that he ever received such an indication, much less that the state court collection case was filed more than three years after he received it. Accordingly, Carter has failed to state a claim.

*Id.*[4]

Similarly, in *Mercado v. HFC Collection Ctr., Inc.*, 3:12-CV-122-J-12JBT, 2013 WL 645988 (M.D. Fla. Jan. 28, 2013) *report and recommendation adopted,* 3:12-CV-122-J-12JBT, 2013 WL 654419 (M.D. Fla. Feb. 21, 2013), the plaintiffs alleged the defendants violated the FDCPA by filing a "timebarred" lawsuit seeking to collect upon the plaintiffs' credit card debts issued through Chase Bank, which had been charged off and sold to one of the defendants. *Id.* at *1. The agreement at issue provided that Delaware law governed the debt. *Id.* at *2. The plaintiffs argued that the cause of action in the underlying collection action "accrued on the dates that each Plaintiff missed a payment." The defendants contended that "the statute of limitations did not start to run until Chase Bank 'charged off' each debt, declaring each Plaintiff's entire balance due immediately." *Id.* In siding with the defendant, Judge Toomey held:

> Similar to the agreement at issue in *Carter,* the agreement in the instant case merely allowed Chase Bank at its option to close the account and require full payment of the unpaid balance. However, the agreement did not require such action or provide for it automatically. Chase Bank did not close each account and require full payment until November 30, 2008.
>                                      […]

---

[4] The plaintiff in *Carter* was represented by the same attorney that is representing the Plaintiff in the instant case. Accordingly, notwithstanding the fact that Plaintiff's counsel is uniquely acquainted with the intricacies of the Delaware statute of limitations, Plaintiff's Motion contains no meaningful discussion of its applicability to the facts of Plaintiff's claim or the claims of the class members she seeks to represent. Plaintiff's decision to ignore Delaware substantive law further demonstrates that neither Plaintiff nor her counsel will adequately represent the putative class. *See Culver v. City of Milwaukee,* 277 F.3d 908, 913 (7th Cir.2002)("For purposes of determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative.")

> Thus, the fact that Chase Bank recognized that Plaintiffs' accounts were delinquent, as shown by the spreadsheets, is not the operative fact that begins the running of the statute of limitations. The operative fact is when Chase Bank took the information that Plaintiffs were in default, and thus their accounts were delinquent, and manifested an intent to require payment of the full balances.
> 
> […]
> 
> Thus, the undersigned recommends that Delaware's Supreme Court would interpret 10 Del. C. § 8106(a) to mean that the causes of action against each Plaintiff accrued only upon the first instance that Chase Bank manifested an intent to declare the entire balance on each account immediately due and payable. This did not occur until Chase Bank closed and charged off both Plaintiffs' accounts on November 30, 2008. Section 8106(a), therefore, did not bar HFC's state court collections suits until after November 30, 2011. HFC sued Mercado on June 10, 2011 and Rodriggs on August 22, 2011. Thus, neither of these suits were time-barred. Plaintiffs' claims under the FDCPA and FCCPA, therefore, fail.

*Id.* at *5 – 6.

In the instant case, Plaintiff fails to offer any evidence demonstrating that the debts of those persons meeting the class definition are outside of the applicable statute of limitations. Instead, as demonstrated by *Carter* and *Mercado*, determining whether or not any putative class member's debt was timebarred will require at least a review of the applicable terms of each individual class member's contract with the original creditor, and potentially a more in depth analysis of the original creditor's treatment of each account. It is undisputed that Defendants' are not in possession, custody or control of the applicable contracts and Plaintiff has failed to supply the Court with any evidence of the terms of the class member's agreement(s) with the original creditor. In light of the faulty premise upon which Plaintiff's Motion is based, and the complete absence of record evidence to demonstrate that any putative class member's debt is outside of the applicable statute of limitations, the Court must deny Plaintiff's Motion for Class Certification.

In *Clavell v. Midland Funding LLC*, CIV.A. 10-3593, 2011 WL 2462046 (E.D. Pa. June 21, 2011) the plaintiff brought a class action suit alleging the defendant violated the FDCPA by

filing a collection action on an allegedly timebarred debt. The plaintiff sought certification of a class consisting of "[a]ll persons against whom Defendant sued since July 21, 2009, on time barred debt based on written instruments, such as credit card agreements, as calculated from the last payment due date available in Defendant's records." *Id.* at *2. In support of his motion for class certification, the plaintiff asserted that the defendant could "run searches on its database to show each debt's last payment date and that from this the statute of limitations, and whether it has run can be readily determined." *Id.* at *3. In rejecting this argument and denying class certification, the Court held:

> Whether Clavell is successful in this action depends on whether Midland has been filing lawsuits on time-barred debts. Thus, whether the debt was time-barred is something that we would have to determine for each potential class member. "If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification."*Ramirez v. Palisades Collection, LLC,* 250 F.R.D. 366, 369 (N.D.Ill.2008). In addition, "[w]here nothing in the company's databases 'shows or could show' whether individuals should be included in the proposed class, the class definition fails." *Sadler,* 2008 WL 2692274, at *5.
>
> […]
>
> [A]s calculating the statute of limitations based on the last payment due date may not—indeed, likely will not—definitely capture the actual statute of limitations expiration date, the Midland database will not avoid an individualized inquiry into each putative member's debt's particular circumstances. Thus, although Clavell himself is a member of his proposed class, that class is not identifiable based on Midland's records alone. In fact, those records show that an independent inquiry had to be conducted to determine whether Clavell's debt's statute of limitations had indeed run.

*Id.* at *4 – 5.

In the instant case, as in *Clavell*, "whether the debt was time-barred is something that we would have to determine for each potential class member." *Id*. at *4. However, like in *Clavell*, "calculating the statute of limitations based on the last payment due date may not—indeed, likely

will not—definitely capture the actual statute of limitations expiration date" as Plaintiff suggests. Instead, an independent inquiry into the terms governing and circumstances surrounding each individual class member's debt will need to be conducted in order to determine class membership. As Plaintiff has offered no evidence demonstrating that these issues are subject to class-wide resolution through generalized proof, class certification is inappropriate. *See, e.g., Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997)("the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.")(citing *Kerr v. City of West Palm Beach,* 875 F.2d 1546, 1557–58 (11th Cir.1989)).

In addition to failing to provide the Court with any evidence of the terms of the applicable contracts, Plaintiff has failed to demonstrate that all class members were subject to uniform contractual terms at the time the letters at issue were sent. The Consumer Finance Protection Bureau currently lists 17 different cardholder agreements for credit cards issued by Chase Bank in its credit card agreement database. *See,* http://www.consumerfinance.gov/credit-cards/agreements/issuer/284/. As Plaintiff's theory of liability stems from the terms of her agreement with the original creditor, Plaintiff's failure to demonstrate that the putative class members were subject to the same contractual terms further demonstrates that class certification is inappropriate. *See, e.g. Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Services, Inc.,* 601 F.3d 1159, 1171 (11th Cir. 2010)(claims involving contracts "are peculiarly driven by the terms of the parties' agreement, and common questions rarely will predominate if the relevant terms vary in substance among the contracts.")

In *Vega v T-Mobile USA, Inc.*, the plaintiff brought a class action based on allegations that T-Mobile failed to pay sales commissions. *Id.*, 564 F.3d 1256, 1262 (11th Cir. 2009). The

fact that not every putative class member would be bound by the same contract led the Court to reverse the district court's certification order stating:

> Without the existence of a common contract, of course, there can also be no commonality with respect to whether T–Mobile's conduct relating to commission charge backs, even if undertaken pursuant to a uniform policy, constituted a breach of every class member's particular employment contract... Lacking commonality, the allegations in Vega's complaint obviously must fail the predominance test as well.

*Id.*, 564 F.3d at 1272.

Likewise in the instant case, Plaintiff has failed to supply the Court with evidence of a "common contract" between the original creditor and every class member. Accordingly, Plaintiff has failed to demonstrate that the statute of limitations for each class member's obligation to Chase is to be calculated the same manner under Delaware law. As such, there is "no commonality with respect to whether [the debts at issue were timebarred under] every class member's particular…contract." *Id.* Plaintiff has failed to establish that this case involves a "form contract, executed under like conditions by all class members, [which would] best facilitate[] class treatment." *See, Sacred Heart*, 601 F.3d at 1171. As the Eleventh Circuit has consistently "required at the threshold that all of the subject contracts be 'materially similar'", class certification must be denied in light of Plaintiff's failure to demonstrate how the statute of limitations of each class member's debt is to be calculated. *Id.,* (citing *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir.2003) and *Sharkus v. Blue Cross of Greater Phila.*, 494 Pa. 336, 431 A.2d 883, 886–87 (1981)).

### IV.  Conclusion.

Plaintiff's Motion for Class Certification must be denied as Plaintiff has failed to supply the Court with evidentiary proof that the proposed class satisfies the requirements of Rule 23.

Plaintiff has failed to offer evidence establishing that the nature of each putative class member's debt can be ascertained in a reliable and administratively feasible manner. Plaintiff has further failed to demonstrate that the applicable statute of limitations for each putative class member's debt can be determined on a class-wide basis through generalized proof.

  WHEREFORE Defendant respectfully requests an Order from this Honorable Court DENYING Plaintiff's Motion for Class Certification.

               Respectfully submitted by:

               /s/ Dale T. Golden
               DALE T. GOLDEN, ESQ.
               Florida Bar No.: 0094080
               /s/ Benjamin W. Raslavich
               BENJAMIN W. RASLAVICH, ESQ.
               Florida Bar No.: 0102808
               **GOLDEN SCAZ GAGAIN, PLLC**
               201 North Armenia Avenue
               Tampa, Florida 33609-2303
               P: (813) 251-5500 / F: (813) 251-3675
               dgolden@gsgfirm.com
               braslavich@gsgfirm.com
               Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 22, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808