**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANET RIFFLE, on behalf of herself
and all others similarly situated;

    Plaintiffs,

vs.

                                            Case No.: 6:14-cv-1181-Orl-22TBS

CONVERGENT OUTSOURCING, INC., a
Washington corporation,
and LVNV FUNDING, LLC,
a Delaware limited liability company.

    Defendants.
_____/

## DECLARATION OF MEGHAN EMMERICH

On this day, June 16, 2015, I, MEGHAN EMMERICH, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. My legal name is MEGHAN EMMERICH.

2. I am over the age of 18 and am otherwise competent to make this Declaration.

3. I have been an employee of Resurgent Capital Services, LP, and am Authorized Representative of LVNV FUNDING, LLC ("LVNV") since April 30, 2007.

4. My current position with Resurgent Capital Services, LP, is Senior Manager of Litigation.

5. The information contained in this Declaration is based upon my personal knowledge gained through my employment with Resurgent Capital Services, LP, the master

servicing agent of LVNV, as well as my review of relevant business records maintained by LVNV.[1]

6. Prior to April 21, 2014, an account belonging to JANET RIFFLE, the Plaintiff in the above styled action, was acquired by LVNV FUNDING, LLC ("LVNV"). This account will be referred to herein after as the "Account".

7. The original creditor on the Account was Chase Manhattan Bank.

8. Resurgent Capital Services, LP, in its capacity as the master servicing agent for LVNV referred the Account to CONVERGENT OUTSOURCING, INC., for collection on April 17, 2014.

9. LVNV is not in possession, custody, or control of the cardholder agreement which governs the Account.

10. LVNV is not in possession, custody, or control of documentation which demonstrates the nature of any purchases made on the Account.

11. LVNV is not in possession, custody, or control of the cardholder agreement(s) that governs the financial obligations originally owed to Chase Manhattan Bank that Convergent attempted to collect on behalf of LVNV through the transmission of letters in the form of "Exhibit A" to Plaintiff's Complaint during the one year period prior to the filing of the above styled action.

12. LVNV is not in possession, custody, or control of documentation which demonstrates the nature of the financial obligations originally owed to Chase Manhattan Bank that Convergent attempted to collect on behalf of LVNV through the transmission of

---

[1] All documents reviewed in preparation of this Declaration were made in the regular course of LVNV's business and it was the regular course of LVNV's business to make such records within a reasonable time of the transactions or occurrences reflected in the documents.

letters in the form of "Exhibit A" to Plaintiff's Complaint during the one year period prior to the filing of the above styled action.

Executed on this 17 day of June, 2015.

_____
MEGHAN EMMERICH